Taliafebeo, J.
The Police Jury of the parish of Jefferson (left bank) come in by way of third opposition, claiming by preference $1,375 75, with interest and costs, out of the proceeds of a tract of land fold under a writ of fleii facias, issued at the suit of the plaintiff, having a special mortgage on the property sold. The opponents aver that their claim is for parish taxes on the property sold, for a series of years consecutively, *561 commencing with, the year 1860, and running to 1866, inclusive, and for interests and costs arising from their non-payment.
The plaintiff and appellant resists this claim on several grounds:
1. That no legal assessment of parish taxes has been made against the tract of land sold under his mortgage, and that no such taxes are due.
2. That for the years 1860, 1861,1862,1863 and 1864, the alleged assessment was upon a large number of slaves, horses, stock of various kinds, a carriage, - etc., as well as upon the land; and if bound at all for any of these taxes, he is not bound for that portion assessed against the slaves.
3. Prescription.
That if the land sold were ever liable for the taxes claimed, the privilege granted by law upon the real property to secure their payment is extinct by the limitation of the lien to two years, from the 1st of April of the year for which the assessment was made.
4. That if the assessment be legal, it was made upon an entire tract of land containing 1600 arpents, while the part of that tract subject to plaintiff’s mortgage, and sold, contains only 461 arpents, and consequently, that if subject to lien at all for the taxes claimed, it is subject only to a proportional part of the amount assessed.
The opponents had judgment for $643 90, with first privilege upon the proceeds of the land sold.
The plaintiff appeals.
In this court, the opponents and appellees pray to have the judgment of the lower court amended by allowing them the whole amount of their claim.
We have given a careful examination to the evidence introduced in this case, and are not satisfied that it establishes with sufficient certainty, that the forms strictly required by law in the making assessments of property, have, in this case, been observed. As far as disclosed by the record, we are unable, from want of description of the property assessed, to identify it as that on which the opponents claim the privilege. Taking this view of the case, we deem it unnecessary to examine the other points stated in the defence.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that this suit be dismissed, without prejudice, the appellees paying costs.